**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**JONATHAN COHEN, et al.,**

                 **Plaintiffs,**                  **MEMORANDUM
                                                                        AND ORDER**

                                                                           **13-CV-5612 (FB)**

            -against-

**G&M REALTY L.P., et al.,**

                 **Defendants.**
-----------------------------------------------------------x
**MARIA CASTILLO, et al.,**

                 **Plaintiffs,**

                                                                     **15-CV-3230 (FB)**

            -against-

**G&M REALTY L.P., et al.,**

                 **Defendants.**
-----------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court, on a referral from the Honorable Frederic Block, see Electronic Order (May 17, 2018), is plaintiffs' application for an order requiring defendants to obtain a supersedeas bond in the amount of $2,608,507.37, to secure "the Court's prospective award" of attorneys' fees during the pendency of defendants' appeal to the Second Circuit, see Letter Motion for Bond (May 14, 2018) at 1 ("Pl. Motion"), Electronic Case Filing Docket Entry ("DE") #200; Fed. R. Civ. P. 62(d) (if an appeal is taken, the appellant may obtain a stay of execution on the judgment by giving a supersedeas bond).[1]

---

[1] Plaintiffs' letter-motion also opposed defendants' offer to pledge assets to replace the existing

Defendants oppose the motion, arguing that plaintiffs "have no legal basis for demanding security for their unadjudicated claim for attorneys' fees." Response in Opposition (May 16, 2018) ("Def. Opp.") at 2, DE #201. While defendants "do not agree to post additional security[,]" Letter to Chief Magistrate Judge Mann Providing Status Report (May 22, 2018) ("Def. 5/22/18 Letter"), DE #204, they have offered to "demonstrat[e] that [d]efendants' assets are well in excess of any potential judgment . . . . ," id. The question thus posed is whether plaintiffs should be afforded any additional security to cover all or part of the $2.6 million fee award sought in plaintiffs' pending fee application, see Motion for Attorney Fees (Mar. 15, 2018), DE #187 -- an application that defendants have asked Judge Block to stay until the appeal is decided, see Letter Motion to Stay (Mar. 23, 2018), DE #192.

## DISCUSSION

In the motion referred to this Court by Judge Block, plaintiffs seek an order directing defendants "to immediately post a supersedeas bond in the amount of $2,608.507.37[.]" See Pl. Motion at 3. Defendants counter that plaintiffs, who cite no case law in support of their request, "have no legal basis for demanding security for their unadjudicated claim for attorney's fees." Def. Opp. at 2.

Defendants' suggestion that the Court is without authority to grant the relief requested by plaintiffs does not accurately reflect the more nuanced caselaw on which they rely. To be sure, in Southern Track and Pump, Inc. v. Terex Corp., C.A. No. 08-543-LPS, 2014 WL

---

supersedeas bond on the underlying judgment. See Pl. Motion at 2-3; Letter to Judge Block Providing Status Report (May 11, 2018) at 1, DE #199; Supersedeas Bond in the Amount of $6.75 Million (Mar. 14, 2018), DE #184. During a telephone conference on May 18, 2018, this Court opined that the current supersedeas bond should not be replaced. See Minute Entry (May 18, 2018) at 1, DE #202.

4825249 (D.Del. Sept. 29, 2014), the court declined to increase the supersedeas bond amount to include an estimate of accrued attorneys' fees. See id. at *2. Nevertheless, the court did so as an "exercise of its discretion[,]" taking into account the specific circumstances of that case. See id. Notably, as the court in that case expressly acknowledged:

> There is precedent for requiring a supersedeas bond to include an estimate of attorneys' fees. See VICI Racing LLC [v. T-Mobile USA, Inc.], 921 F.Supp.2d [317, 335 (D.Del.2013), vacated in part on other grounds, 2014 WL 3930025 (3d Cir. Aug. 13, 2014)]; see also Evergreen Cmty. Power LLC v. Riggs Distler & Co., Inc., 2012 WL 2974891, *1-2 (E.D.Pa. July 19, 2012). There is also precedent for not including as-yet non-calculated attorneys' fees in the bond amount. See Berberena-Garcia v. Aviles, 258 F.R.D. 42, 43 (D.P.R. 2009).

Southern Track & Pump, 2014 WL 4825249, at *2; see also Frankel v. ICD Holdings, 168 F.R.D. 19, 21-22 (S.D.N.Y. 1996) (conditioning stay of execution pending appeal on the posting of a bond "for 110 percent of the principal amount of the judgment" or alternative security approved by the court).[2]

Contrary to the implications of defendants' argument, the principle that emerges from the relevant caselaw is that district courts have considerable discretion in determining whether to require security for accrued but as-yet-unadjudicated attorneys' fees and, if so, in what amount and what form. See, e.g., S. Track & Pump, 2014 WL 4825240, at *2; VICI Racing, 921 F.Supp.2d at 335. Even in the context of a Rule 62 dispute over bonding the underlying judgment, the Second Circuit has made clear that a district court may, in appropriate

---

[2] Defendants' contention that, "as a rule, . . . a supersedeas bond should not include anticipated attorneys' fees unless the appeal is likely to be frivolous, unreasonable, or without foundation[,]" Def. Opp. at 2 (citing Young v. New Process Steel, LP, 419 F.3d 1201, 1207-08 (11th Cir. 2005)), distorts the one other opinion that defendants rely upon: The issue in Young was not whether a prevailing plaintiff in an action involving a fee-shifting statute was entitled to a supersedeas bond for fees accrued at the trial level; rather, the issue addressed by the Eleventh Circuit was whether a prevailing defendant in such a case was entitled to a bond for *future* attorneys' fees *on appeal*. See Young, 419 F.3d at 1207. Young thus is inapposite.

circumstances, waive the bond requirement where the "appellant provides an acceptable alternative means of securing the judgment." In re Nassau County Strip Search Cases, 783 F.3d 414, 417 (2d Cir. 2015) (citation omitted); see, e.g., Gaus v. Conair Corp., No. 94 Civ. 5693(FM), 2003 WL 542652, at *2 (S.D.N.Y. Feb. 14, 2003) (in lieu of supersedeas bond, court allows defendant-appellant to post an irrevocable letter of credit and directs defendant to provide periodic financial disclosures to plaintiff-appellee). Where, as here, defendants have obtained a supersedeas bond in the amount of the underlying judgment, it follows that the Court's discretion is even less constrained in evaluating the sufficiency of alternative means of securing plaintiffs' potential fee award.

Rather than attempt in good faith to arrive at a mutually acceptable form of security in lieu of an additional supersedeas bond, each side appears to have staked out its position, dug in its heels, and turned to the Court to resolve their dispute as a matter of law. On the one hand, defendants have offered to make some financial disclosures but have refused to post *any* additional security, in any form, see Def. 5/22/18 Letter; on the other, plaintiffs have demanded either an additional supersedeas bond or a recordable interest in, and an appraisal of, debt-free real property, see Pl. Motion at 2-3.

For the reasons expressed by the Court during the May 18th conference, defendants' offer to satisfy the Court and plaintiffs' counsel as to their net worth is an unsatisfactory alternative to a bond. See generally Leevson v. Aqualife USA Inc., 14 Civ. 6905 (JBW)(VMS), 2017 WL 6541766, at *4 (E.D.N.Y. Dec. 8, 2017) (observing that "[f]oreclosure actions are not simple procedures"). That said, the Court has been afforded insufficient information with which to fashion an appropriate form of relief and, for that

reason, plaintiffs' motion for a bond is denied without prejudice.

Defendants are directed to promptly disclose to plaintiffs' counsel the financial information with which they offered to furnish the Court. The parties shall further confer in good faith to resolve this dispute. If they are unable to reach a resolution, either side may seek the Court's approval of a particularized proposed form of security; the parties' submissions should be supported by evidentiary (financial) material, which may be filed under seal, with access limited to case participants.[3]

## CONCLUSION

For the foregoing reasons, plaintiffs' motion is denied without prejudice.

**SO ORDERED.**

**Dated: Brooklyn, New York
June 22, 2018**

/s/ *Roanne L. Mann*

**ROANNE L. MANN
CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[3] Defendants are reminded that, absent a resolution of this dispute, their pending request to stay plaintiffs' fee application may be denied by Judge Block.